IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RUDY STANKO, Individually and on behalf of similarly situated citizens, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | 8:11CV245 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, c/o Attorney General of United States, | ) ) ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on its own motion. On July 22, 2011, the Court required plaintiff to show cause why he is entitled to proceed in forma pauperis ("IFP") pursuant to the provisions of 28 U.S.C. §1915(g) ("§ 1915(g)")(Filing No. 6). Plaintiff did not file a response to the Court's Memorandum and Order and, as set forth below, this matter will be dismissed.

## I.   BACKGROUND

On July 11, 2011, while incarcerated, plaintiff filed a complaint (Filing No. 1) and a motion for leave to proceed IFP (Filing No. 2). On July 22, 2011, the Court ordered plaintiff to either show cause why he is entitled to proceed IFP or pay the full $350 filing fee, or his case would be dismissed (Filing No. 6). The Court's previous Memorandum and Order was based on its finding that plaintiff brought the following three cases while incarcerated, which were dismissed because they failed to state a

claim upon which relief may be granted or because they were
frivolous:

- *Stanko v. Federal Bureau of Prisons*, No. 09-CV-035-HRW
  (E.D. Ky. April 21, 2009), dismissed for failure to
  state a claim upon which relief may be granted on April
  21, 2009.

- *Stanko v. Bataillon*, No. 8:06CV607, 2007 WL 685663 (D.
  Neb. Feb. 28, 2007), dismissed as frivolous and for
  failure to state a claim upon which relief may be
  granted, and affirmed on October 23, 2007.

- *Stanko v. United States*, No. 8:10CV151 (D. Neb.),
  dismissed as frivolous on November 18, 2010, and
  affirmed on April 8, 2011.  (Case No. 8:10CV151, Filing
  Nos. 15, 16 and 25.)

Plaintiff did not file a response to the July 22, 2011,
Memorandum and Order, and has taken no other action in this
matter.  (*See* Docket Sheet.)

## II.      ANALYSIS

A prisoner may not bring a civil action or proceed IFP
if the prisoner has, on three or more occasions, while
incarcerated, brought an action or appeal in federal court that
was dismissed on the grounds that it is frivolous, malicious, or
fails to state a claim upon which relief may be granted.
§ 1915(g).  An exception is made for prisoners who are under
imminent danger of serious physical injury.  *Id.*

In its previous Memorandum and Order, the Court ordered
plaintiff to show cause why his case should not be dismissed
pursuant to § 1915(g) (Filing No. 6).  The Court listed three

cases brought by plaintiff that were dismissed as frivolous or because they failed to state a claim upon which relief may be granted. (*Id*. at CM/ECF pp. 1-2.)  For plaintiff to proceed IFP, he needed to show the Court that any or all of the three dismissed cases do not meet the criteria set forth in § 1915(g) or, alternatively, that he faces imminent danger of serious physical injury.

Plaintiff did not respond to the Court's July 22, 2011, Memorandum and Order. (*See* Docket Sheet.)  Thus, plaintiff has not shown that he faces any imminent danger of physical injury. In light of this, plaintiff is not entitled to proceed IFP, nor has he paid the full $350 filing fee.  For these reasons, this matter will be dismissed.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 26th day of August, 2011.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

-3-